**EX PARTE, RICHARD MALLORY LOVIER, and LORETTA RAE LOVIER.**

23 So. (2nd) 272                                          June Term, 1945
September 21, 1945                                        Division A

*Harry E. King,* for appellant,

*O. E. Williams,* for appellees.

TERRELL, J.:

The record in this case discloses that Forest R. Lovier and Frances Loretta Saeia (Nee Hutto) while engaged in the show business took up with each other and cohabited as man

and wife for ten years, during which time two children, Richard Mallory Lovier, now nine years old and Loretta Rae Lovier, now six years old were born. The father and mother had no fixed abode but lived on the road in a trailer, so by consent of both parents the children were placed in the custody of Winnie Lovier, a sister of Forest R. Lovier, who with said children are the appellants here.

Domestic squalls became so frequent and turbulent that in October 1943 Frances Loretta deserted the menage and contracted a marriage with A. P. Saeia, a service man whom she discovered indulging a six months leave from the army minus credentials. One year after this marriage she petitioned the Circuit Court of Polk County for a habeas corpus seeking to wrest possession of the two minor children from Winnie Lovier. The writ was issued, a return was filed and on final hearing the Circuit Court awarded the custody of the children to the appellee. This appeal was prosecuted from that decree.

After the appeal was perfected and briefed on both sides, the appellant and appellee filed a joint stipulation and motion in this court suggesting that the order of the Circuit Court appealed from be reversed with instructions to dismiss the cause. In support of the motion to dismiss a purported agreement was attached alleging that appellant and appellee had reached a full and complete settlement and adjustment of all questions involved in the appeal.

It might be proper to affirm the trial court on such a motion and stipulation when seasonably made but it would not be proper to reverse him. This court is committed to the doctrine that divorce and the custody of minor children is a matter in which the State as well as the parties is interested. We have examined the record and it presents an ugly spectacle as to every party connected with the cause except appellant. We find enough to uphold the decree appealed from. It is accordingly affirmed but without prejudice to the parties to present their stipulation and motion to the trial judge for such judgment as he may deem proper to make on consideration of its bona fides and the faculties of the parties.

Affirmed with directions.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.